UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER LAMONT STEWARD, # 85231-083                    PETITIONER

V.                                    CIVIL ACTION NO. 3:22-CV-3-DPJ-ASH

WARDEN S. WITHERS                                          RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Christopher Lamont Steward, a federal inmate, filed this habeas petition under

28 U.S.C. § 2241 challenging the Bureau of Prisons' calculation of jail-time credits. As

explained below, the undersigned recommends that the petition be dismissed without prejudice

for failure to exhaust.

I.       Facts and Procedural History

On June 6, 2014, the Hampton, Virginia, Police Department arrested Steward on several

state charges. On December 8, 2014, the federal grand jury in the Eastern District of Virginia

returned a three-count indictment against Steward. Ultimately, the state charges were *nolle*

*prossed*, and Steward was released to the custody of the United States Marshals Service on

January 15, 2015. Following a federal jury trial, Steward was convicted on all charges, and on

July 1, 2015, the court sentenced Steward to a 147-month total term of incarceration.[1]

Believing BOP has not given him credit for the time he was incarcerated from June 6,

2014, to July 1, 2015, Steward filed this petition on January 5, 2022. At the time, he was housed

at the Federal Correctional Complex in Yazoo City, Mississippi, which is in the Northern

---

[1] On January 25, 2024, the sentencing court reduced Steward's sentence to 141 months'
incarceration. *See United States v. Steward*, No. 4:14-CR-75, Order (E.D. Va. Jan. 25, 2024).

Division of the Southern District of Mississippi.[2] Respondent responded to the petition on April 18, 2022, and Steward filed a reply on April 29, 2022.

II.    Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

Then Magistrate (and now Fifth Circuit) Judge Ramirez succinctly explained the BOP's administrative exhaustion process:

> The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 C.F.R. §§ 542.10–542.19. *See Gross v. Cruz*, No. 3:09-CV-0928-B, 2009 WL 1675075, at *1 (N.D. Tex. June 15, 2009). BOP Program Statement 1330.18, *Administrative Remedy Program*, outlines the procedure and provides federal prisons relevant guidance regarding it. *See id.* (citing *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004 WL 594105, at *2 (N.D. Tex. Feb. 26, 2004)). Under this procedure, inmates may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The administrative process begins with informally presenting the issue to BOP staff for resolution, followed by successive formal steps which respectively require the submission of an Administrative Remedy Request to the Warden, an appeal to the Regional Director if unsatisfied with the Warden's response, and an appeal to the BOP General Counsel if unsatisfied with the Regional Director's

---

[2] Steward has since been transferred to a facility located outside this district, but jurisdiction in a habeas case "attache[s] on th[e] initial filing for habeas corpus relief, and it [is] not destroyed by the transfer of [the] petitioner and [an] accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

> response. 28 C.F.R. §§ 542.13, 542.14, 542.15. The filing of an
> appeal to the General Counsel "is the final administrative appeal."
> 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review
> process, a federal inmate his exhausted her administrative remedies
> for filing a § 2241 petition. *See Gross*, 2009 WL 1675075, at *1.

*Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023),

*report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023).

Respondent has shown—and Steward does not dispute—that Steward failed to exhaust.

Steward instead argues that "[d]ue to COVID-19 and USP Yazoo being understaffed, [he] was

refused Administrative remedies and was unable to exhaust his remedies." Reply [9] at 2. The

exhaustion requirement may be excused in "extraordinary circumstances." *Fuller v. Rich*, 11

F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir.), *cert.*

*denied*, 506 U.S. 953 (1992)). For example, "[i]f the institutional authorities refuse to provide a

prisoner with the forms needed to exhaust administrative remedies, then those remedies are not

'available' to the prisoner." *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003).

Steward has raised an allegation that he should be excused from the exhaustion

requirement, but he has failed to provide *any* support for this allegation. Steward's habeas

petition, which is signed under penalty of perjury, fails to offer any extraordinary circumstances

to excuse his failure to exhaust. He admits he did not seek an administrative remedy, and the

only explanation Steward provides for this is "I had no legal knowledge that the time was not

counted or calculated." Pet. [1] at 3; *see also id.* at 5 ("I have exhausted all remedies pertaining

to appeals challenging my sentence[,] but none were based on jail credit discrepancies."). The

only reference to the BOP's alleged refusal to allow Steward to exhaust his administrative

remedies is found in Steward's reply [9]. Steward's allegations in his brief are conclusory,

vague, and unsupported. He fails to submit any evidence—whether in the form of an affidavit,

declaration, or otherwise—supporting his claims, he fails to identify when the refusal occurred,

he fails to identify who was involved, and his contention that he was "refused Administrative remedies" is ambiguous about whether it refers to the merits of the relief Steward seeks or participation in the exhaustion process. Steward's unsupported allegations that he "was refused Administrative remedies and was unable to exhaust his remedies" does not satisfy his burden to establish extraordinary circumstances justifying relief from the exhaustion requirement. *Conwell v. Bureau of Prisons*, 41 F.3d 664, 1994 WL 684766, at *2 (5th Cir. 1994) (per curiam) (unpublished table decision).

III.    Conclusion

The undersigned therefore recommends that Steward's petition be dismissed without prejudice for failure to exhaust.[3]

---

[3] Even if Steward had exhausted, his petition would be due to be denied on the merits. As the documents Respondent attached to its response show, BOP has given Steward credit for the jail time about which he complains:

```
   JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                       06-06-2014     06-30-2015

   TOTAL PRIOR CREDIT TIME........: 390
```

FiggsGanter Decl. [8-1] at 6, 7 (Attachment A at 3, 4). Steward cites slightly different dates in his petition (he says the relevant period started on June 5, 2014, and ended on July 1, 2015). Pet. [1] at 2. But the evidence submitted by the BOP demonstrates that Steward was actually arrested on June 6, 2014, and that the end date is properly calculated as June 30, 2015, due to his federal sentencing the next day on July 1, 2015. *See* Smith Decl. [8-2] ¶¶ 4–5 & Attachments 1, 3. The BOP's math is sound: there are 390 days between June 6, 2014, and June 30, 2015, when counting the final day of the period. Because the BOP has given Steward credit for time served before the imposition of his federal sentence, the petition could alternatively be denied on the merits.

IV.     Notice of Right to Object

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[4] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of July, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[4] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).