UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER LAMONT STEWARD,                                                    PETITIONER
# 85231-083

V.                                                          CIVIL ACTION NO. 3:22-CV-3-DPJ-ASH

WARDEN S. WITHERS                                                              RESPONDENT

ORDER

Christopher Lamont Steward filed a petition [1] under 22 U.S.C. § 2241 in January 2022, alleging that the Bureau of Prisons was incorrectly calculating his remaining time to serve for various robbery-related offenses. *See* Resp. [8] at 2. After the warden responded and Steward replied [9], United States Magistrate Judge Andrew S. Harris recommended dismissing the petition without prejudice. R&R [12] at 1. His Report and Recommendation issued on July 17, 2024, giving Steward fourteen days to object. Fed. R. Civ. P. 72(b)(2); *see* R&R [12] at 5 (advising Steward of deadline). Steward did not object within that period, nor has he since.

"Jurisdiction comes first." *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 533 (5th Cir. 2022). Although Steward is a federal prisoner, he does not dispute the imposition of his federal sentence under 28 U.S.C. § 2255 but rather challenges "the manner in which a sentence is executed (e.g., . . . attacking how the Federal Bureau of Prisons calculates a release date when taking into account things like presentence time in custody)." *Lang v. Smith*, No. 4:23-CV-252, 2024 WL 815518, at *1 (N.D. Tex. Feb. 27, 2024) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). Steward thus has correctly filed under § 2241, and this Court has subject-matter jurisdiction under 28 U.S.C. § 2241(a), (c). *See Rasul v. Bush*, 542 U.S. 466, 473 (2004).

As for personal jurisdiction: although Steward is now confined outside this district, he was in the federal prison in Yazoo City, Mississippi when he filed his petition. *See* Pet. [1] at 1.

"Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (citing cases). The Court is thus satisfied that it has jurisdiction over Steward's petition.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983), *quoted in Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) *as noted in Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). The Court finds no error in the report's explanation of how Steward has failed to exhaust his administrative remedies with the Bureau of Prisons. Having reviewed the record and found no clear error, the Court accepts the well-reasoned recommendation of Judge Harris.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge Andrew S. Harris is adopted as the finding and holding of this Court. Steward's petition is denied and dismissed without prejudice. A separate judgment will be entered as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 21st day of August, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE